**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                Plaintiff,

                - against -

NICOLE CHARLES,

                              Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 04-5725 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff United States of America the ("government") seeks an award of damages against Nicole Charles ("Charles") for her default on a student loan. *See* Docket Entry ("DE") 1 (Complaint). As a result of Charles' failure to answer the Complaint, the Clerk noted her default, DE 6, and the Honorable Joanna Seybert, United States District Judge, referred the matter to me for a Report and Recommendation as to whether default judgment should be entered, and if so, the appropriate amount of damages, attorneys' fees, and costs that the government should recover. DE 8. I now make that report and, for the reasons explained below, recommend that judgment be entered in favor of the government in the amount of $7,325.53, consisting of $6,025.44 in damages and $1,300.09 in attorneys' fees and costs.

I.    Background

    A.    Charles' Default

The government filed its Complaint on January 18, 2004, DE 1, and subsequently served that pleading on Charles on April 12, 2005. DE 4. Charles' deadline for filing an answer to the Complaint was May 2, 2005. After that deadline had passed without any response from Charles,

the government moved for a default judgment. DE 5. The Clerk noted Charles' default on May 27, 2005, and the matter was referred to me on September 14, 2005. DE 8.

B. The Debt

The Complaint alleged that Charles "neglected and refused" to pay upon demand the balance due on a promissory note she executed for a student loan guaranteed by the United States Department of Education (the "Department"). DE 1 ¶ 4. The government attached to its Complaint a Certificate of Indebtedness, apparently prepared on the basis of information within the Department's records, that describes the procedural history of Charles' loan as well as the amount due as of August 24, 1999. DE 1, Attachment (Certificate of Indebtedness) ("Certificate"). According to the Certificate, Charles executed a promissory note on October 11, 1983, securing $2,500.00 from Empire of America of Deland, located in Hempstead New York, at an interest rate of eight percent interest per annum. The loan was guaranteed by New York State's Higher Education Services Corporation ("HESC") and was subsequently reinsured by the Department pursuant to Title IV-B of the Higher Education Act of 1965. *See* 20 U.S.C. § 1071 *et seq*.

Charles defaulted on the promissory note on September 12, 1985, and the holder of the note filed a claim on the guarantee with HESC, which then paid the holder $2,669.33. After HESC tried without success to collect the debt, it obtained reimbursement from the Department pursuant to its reinsurance agreement and assigned the Department its rights under the promissory note. Since the assignment on January 18, 1993, the Department received $842.00 in offsets from various sources. After accounting for these payments, as of August 24, 1999, Charles owed the government a total of $4,637.39, consisting of $2,669.33 in loan principal and $1,968.06 in interest. *See* DE 1, Certificate.

II.  Discussion

   A.  No Hearing Is Needed

Upon the entry of default, a party concedes all well pleaded factual allegations, however, this concession does not extend to damages. *See* Fed. R. Civ. P. 8(d); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). A plaintiff must prove its damages if they are neither "susceptible of mathematical computation" nor liquidated as of the default. *Id*. (citations omitted); *see* Fed. R. Civ. P. 55(d)(2). To determine the appropriate amount of damages, courts have "the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." *DirecTV, Inc. v. Perrier*, 2004 WL 941641, *2 (W.D.N.Y. March 15, 2004) (citations omitted). "A hearing is not required as long as the court ensures that there is a basis for the damages awarded." *Id*. Because the government has submitted a sufficient affirmation and documentation in support of its motion, no hearing is required.

   B.  Damages

In support of its application for damages on Charles' default the government submitted the Certificate and an affirmation sworn by attorney Michael T. Sucher. *See* DE 5-2 (Affirmation of Michael T. Sucher) ("Aff."). The government also submitted an affirmation attesting to the fact that, after investigation, it has determined that Charles is not presently serving in the military and has not been called to such service. *See* DE 5-3.

The Certificate sufficiently supports an award of the loan principal in the amount of $2,669.33 and I therefore recommend awarding a sum of this amount. The Certificate also states that $1,968.00 in interest was due as of August 24, 1999. From August 25, 1999 through

February 24, 2006, another $1,388.52 in interest will have accrued at the loan's stated interest rate of eight percent per annum; therefore I recommend an award of $3,356.11 in interest.

      C.      <u>Attorneys' Fees And Costs</u>

Reasonable attorneys' fees are permitted for the collection of damages resulting from a default on a promissory note. *See* 20 U.S.C. § 1091a(b)(1) (requiring a student borrower who has defaulted to pay "reasonable collection costs"). A request for attorneys' fees must be supported by "contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *DirectTV v. Meinecke*, 2004 WL 1535578, at *4. (S.D.N.Y. July 9, 2004) (citing *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983)). However, in lieu of calculating attorneys' fees with the lodestar method, the court may award a percentage of the amount recovered. *See United States v. Vilnus,* WL 2005 WL 2175893*, at *7 (E.D.N.Y. September 8, 2005); *see also Peoples Westchester Savings Bank v. Ganc*, 715 F. Supp. 611 (S.D.N.Y. 1989) (awarding 10 percent of the face value of the promissory note); *National Commercial Bank and Trust Company v. Farina's Market, Inc.*, 95 Misc.2d 284, 286 (N.Y. Sup. 1978) (noting that awards of 20 percent of the amount recovered for attorneys' fees have been found reasonable).

The government requests an amount in attorneys' fees equal to 20 percent of the total amount recovered. Aff. ¶ 6. In the alternative, the government requests $1,575 based on 4.5 hours of work at a rate of $350 per hour. Aff. ¶ 8. The fee request is based on reviewing the student loan collection file, attempting to correspond with Charles, drafting the summons and complaint, drafting the motion for default, and filing the same. *Id.* However, the government has not submitted contemporaneous time records; therefore I am precluded from awarding attorneys' fees using the lodestar method. Nonetheless, I find an award of 20 percent of Charles'

total debt to the government to be a reasonable fee for the services rendered, as Judge Sifton so thoroughly explained in a recent similar case. *See Vilus*, 2005 WL 2175893, at *6-7 (finding attorneys' fees in the amount of 20 percent of the total debt to be reasonable on the ground that it is less than the 25 percent the Department charges for collection costs pursuant to 34 C.F.R. § 30.60(b)). I therefore recommend an award of $1,205.09 in attorneys' fees.

Finally, the government asks for $95 in costs which includes $150 in filing fees and $45 for service of process, less $100 allocated to their bill from a previous payment. *See* Aff. ¶ 10; *see also* DE 5-2, Attachment (Process Server Receipt). These costs are reasonable and have been sufficiently documented; I therefore recommend that they be reimbursed.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the Court enter judgment awarding the government a total of **$7,325.53**, consisting of the following components:

**$2,669.33** in loan principal;

**$3,356.11** in interest;

**$1,205.09** in attorneys' fees; and

**$95.00** in costs.

IV.    Objections

This Report and Recommendation will be electronically filed on the court's ECF system. Counsel for the government is directed to serve a copy of this Report and Recommendation on defendant Charles and to file proof of service with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of service. Failure to file objections within this period waives the right to appeal the

District Court's Order. *See* 28 U.S.C. 636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
February 16, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge